UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STATE OF INDIANA, et al., ) | |
| ) | |
| the State, ) | |
| ) | |
| vs. ) | CASE NO. 1:13-cv-1612-WTL-TAB |
| ) | |
| INTERNAL REVENUE SERVICE, et al. ) | |
| ) | |
| Defendants. ) | |

### STATE OF INDIANA'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the State of Indiana respectfully requests that this Court enter summary judgment against the Defendants on all of its claims. In support of this motion, the State of Indiana asserts as follows.

There are no genuine issues of material fact that would preclude the entry of judgment as a matter of law in the State's favor as to any of its claims. This motion is based on the State's contemporaneously filed Memorandum in Support of its Motion for Summary Judgment, which is incorporated herein by reference, and the State's Designation of Evidence, which is attached as Exhibit A. In brief, the State's claims for which it seeks summary judgment are as follows:

1.   The plain text of the Affordable Care Act makes subsidies available only to individuals who enroll in insurance plans "through an Exchange established by the State under [§] 1311 of the [Act]." 26 U.S.C. § 36B(b)(2)(A). The IRS, however, has authorized federal premium-assistance subsidies to individuals who enroll in insurance plans through a federal exchange and, therefore, do not qualify under the statute. The IRS Rule exceeds the agency's statutory authority and is arbitrary, capricious, and contrary to law.

1

2. In light of the Tenth Amendment, Congress lacks authority to regulate the states as it has done under Sections 1513 and 1514 of the Affordable Care Act. The power to lay and collect taxes under the U.S. Constitution, *see* U.S. Const. art. 1, § 8, does not authorize subjecting the States to a system of direct federal taxation in ACA Section 1513 or Section 1514, nor does the Commerce Clause permit it through compelling State activity in Section 1513. "The constitutional question is as old as the Constitution: It consists of discerning the proper division of authority between the Federal Government and the States. We conclude that while Congress has substantial power under the Constitution to encourage the States to provide" healthcare or voluntarily report to the IRS and other agencies, "it does not confer upon Congress the ability simply to compel the States to do so." *New York v. United States*, 505 U.S. 144, 149 (1992).

3. The invalid provisions of the Act are only partially severable from the remainder of the Act. Section 1513 cannot be severed from Section 1514. In turn, ACA Sections 1511, 1512, and 1515 cannot be severed from Section 1513.

4. The purported suspension of certain ACA requirements and waiver of statutory penalties for 2014, while desirable as a policy matter, is nonetheless illegal, as only Congress can effectuate such changes by amending the statute. Nevertheless, it would be inequitable to sanction Indiana and the Schools for noncompliance, so the Federal Government should be estopped from enforcing sanctions.

Accordingly, this Court should declare that (1) the IRS Rule violates the Administrative Procedure Act, (2) ACA Sections 1513 and 1514 violate the Tenth Amendment as applied to Indiana and the Schools, (3) Sections 1513 and 1514 cannot be severed, and as a nonseverable unit ACA Part I.F.2 is invalid against Indiana and the Schools, (4) the Federal Government is

accordingly enjoined in all these regards, and (5) the Federal Government is additionally estopped from any pertinent enforcement regarding actions taken by Plaintiffs in 2014.

Wherefore, the State of Indiana respectfully requests that this Court enter judgment against the Defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Respectfully submitted,

GREGORY F. ZOELLER
Attorney General of Indiana

/s/ Thomas M. Fisher
Thomas M. Fisher
  Solicitor General
Kenneth A. Klukowski
  Special Deputy Attorney General

Ashley Tatman Harwel
Heather Hagan McVeigh
  Deputy Attorneys General
Office of the Attorney General
Indiana Government Center South
Fifth Floor
302 West Washington Street
Indianapolis, IN  46205
(317) 232-6255

*Attorneys for State of Indiana*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 5th day of March, 2014, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Joel McElvain<br>joel.mcelvain@usdoj.gov | Andrew M. McNeil<br>amcneil@boselaw.com |
| Shelese Woods<br>shelese.woods@usdoj.gov | John Zhi Huang<br>jhuang@boselaw.com |
| | Winthrop James Hamilton<br>jhamilton@boselaw.com |

                                            s/ Thomas M. Fisher
                                            Thomas M. Fisher
                                            Solicitor General

Office of the Indiana Attorney General
Indiana Government Center South, Fifth Floor
302 W. Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 232-6255
Facsimile: (317) 232-7979
Tom.Fisher@atg.in.gov